United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40958
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY KIRKPATRICK,

Defendant-Appellants.

--------------------
On Appeal of the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-236-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Kerry Kirkpatrick of four counts stemming from his attempt to truck about 100 kilograms of marijuana across the border. Kirkpatrick challenges his conviction on five grounds and his sentence on two.

First, Kirkpatrick argues insufficient evidence that he knowingly possessed the drugs, an element of all four counts. Viewing the evidence in the light most favorable to the verdict, *see United States v. Gutierrez-Farias*, 294 F.3d 657, 659-60 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2002), to determine whether a rational trier of fact could have found guilt beyond a reasonable doubt, *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2004), we disagree. Although the drugs were in a hidden compartment, necessitating evidence aside from Kirkpatrick's control of the truck, *see United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990), such evidence exists here: the record shows Kirkpatrick was nervous and made inconsistent, implausible, and untrue statements, and the sheer circumstances of his flying down to Brownsville to drive a truck across the border the same day for $500 or $1000 cash are telling. *See United States v. Martinez-Lugo*, 411 F.3d 597, 599 (5th Cir. 2005). And his own admissions that he had his "hunches, but...needed the money" and that "[he] can't tell you [he] didn't think that [that he might be importing drugs], but [he] didn't want to believe it," are a classic case of "willful blindness," from which a jury can infer knowledge. *See United States v. Scott*, 159 F.3d 916, 922 (5th Cir. 1998). The evidence overwhelms.

Second, Kirkpatrick suggests that the district court should *sua sponte* have suppressed his statements to Investigator McLuhan because Kirkpatrick made them while tired, rendering them unreliable. Because he failed to object below, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). Because the only cases cited by Kirkpatrick, *e.g., Miller v. Fenton*, 474 U.S. 104 (1985); *Richie v. Mullin*, 417 F.3d

1117 (10th Cir. 2005), are inapposite, and we see basis for the claim, there was no error.

Third, Kirkpatrick argues that the district court erred in overruling his motion to strike McLuhan's statement regarding Kirkpatrick's drug use, elicited by Kirkpatrick's own attorney during cross examination when trying to note that Kirkpatrick did not drink alcohol, requiring a new trial. The ruling was far from an abuse of discretion, *see United States v. Saldana*, 427 F.3d 298, 306 (5th Cir. 2005), especially since Kirkpatrick opened the door.

Fourth, Kirkpatrick claims the prosecutor misstated the evidence during closing argument, or possibly opening argument, specifically that Kirkpatrick did not know the last name of the person who hired him to drive the truck and that the truck's title was not in the truck. Because he failed to object below, we review for plain error. *See Olano*, 507 U.S. at 732-34. Although it is possible, albeit difficult, to read the record as containing these misstatements, given the overwhelming evidence and the entirety of the case, they did not affect his substantial rights. *See Olano*, 507 U.S. at 732-34.

Fifth, Kirkpatrick contends the prosecutor's statement during closing argument that Kirkpatrick was "in on the deal" unfairly implies that Kirkpatrick had been dealing dope on other occasions, unsupported by the record. Because he failed to object below, we review for plain error. *See Olano*, 507 U.S. at

732-34.  There was no error.  The record shows that the prosecutor was speaking only of the transaction at issue.

Consequently, Kirkpatrick's convictions are AFFIRMED.

Kirkpatrick also challenges his sentence.  The district court, sentencing shortly after *Booker*, misread that case's remedial holding in calculating a Guidelines range of 70-87 months.  At the Government's suggestion, the court "upwardly departed" and sentenced Kirkpatrick to 97 months.  More than a month later, with the aid of our first opinion construing *Booker*, *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), the court, in a "continuation...of sentencing," "re-sentenced" Kirkpatrick to 105 months, using the proper Guidelines range of 100-125 months.  Kirkpatrick now argues both that double jeopardy forbids the second, increased sentence, hence the 97-month sentence should be reinstated, and that the court erred in upwardly departing without notice during the first sentencing, mandating remand for resentencing, presumably with a 97-month cap.  The Government concedes that the second sentence was error under Federal Rule of Criminal Procedure 35(a), requiring remand for resentencing, without a cap.  Kirkpatrick replies that remand for resentencing is proper, without mentioning a cap.

Under Rule 35(a), a district court has seven days to correct sentence, after which it lacks jurisdiction to resentence.  *See United States v. Gonzalez*, 163 F.3d 255, 263 (5th Cir. 1999).  Thus, the 105-month sentence here is invalid.  Furthermore, the

original, 97-month sentence was predicated on *Booker* error, hence we VACATE it, not "reinstate" it, and REMAND for resentencing. Double jeopardy poses no bar to or cap on resentencing, even though Kirkpatrick has served part of his sentence.  *See Stuckey v. Stynchcombe*, 614 F.2d 75, 76 (5th Cir. 1980).

CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.