United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-41549
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY KIRKPATRICK,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
(1:04-CR-236-1)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kerry Kirkpatrick appeals his 105-month sentence and $6,000 fine for conspiring to import, conspiring to possess, importing, and possessing with intent to distribute more than 50 kilograms of marijuana. His jail sentence is within the applicable advisory Guidelines range, and was imposed on remand following our court's decision in *United States v. Kirkpatrick*, 184 F. App'x. 421 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kirkpatrick erroneously contends that, under *United States v. Booker*, 543 U.S. 220 (2005), the district court lacked authority to sentence him for offenses involving 97.38 kilograms of marijuana when the jury determined only that he was guilty of offenses involving "more than 50 kilograms". Because Kirkpatrick did not raise this objection in district court, review is only for plain error. *See **United States v. McCrimmon***, 443 F.3d 454, 458 (5th Cir.), *cert. denied*, 547 U.S. 1120 (2006). "In order to establish plain error, the defendant must show (1) error, (2) that is clear or obvious, and (3) that affects substantial rights." ***Id.*** Even if these three conditions are met, this court may only exercise its discretion to notice a forfeited error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." ***Id.*** (internal quotation marks omitted).

Following ***Booker***, the "sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range". ***United States v. Mares***, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Moreover, Kirkpatrick does not challenge the sufficiency of the evidence supporting the district court's drug-quantity determination. Accordingly, he fails to show the district court erred in basing his sentence on 97.38 kilograms of marijuana.

Kirkpatrick contends, for the first time in his reply brief, that the presumption of reasonableness afforded within-Guidelines

2

sentences under *Mares*, and its progeny, violates *Booker*. Generally, our court will not consider contentions raised for the first time in a reply brief. *See* *Taita Chem. Co., Ltd., v. Westlake Styrene Corp.*, 246 F.3d 377, 385 n.9 (5th Cir. 2001). In any event, the assertion is foreclosed by *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

Kirkpatrick additionally contends the district court erred by failing to sufficiently consider his "rehabilitative efforts" since his initial sentencing: apparently, his refraining from committing any disciplinary infractions. He appears to assert both that: the court erred in refusing to depart downward; and its failure to consider his "efforts" violates 18 U.S.C. § 3553(a).

To the extent Kirkpatrick claims he should have been granted a downward departure, this court lacks jurisdiction to review the refusal, because there is no indication the district court believed it lacked the authority to depart. *See* *United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006). Further, for his claim based on § 3553(a), regardless of Kirkpatrick's conduct since his initial sentencing, the district court adequately considered the § 3553(a) factors. Under the discretionary sentencing system established by *Booker*, district courts have a duty to consider those factors, as well as a duty to correctly determine the applicable Guidelines range. *Mares*, 402 F.3d at 518-19. If, in the exercise of discretion, the sentencing judge imposes a sentence

3

within a properly calculated guidelines range, little explanation is required, and this court "will infer that the [district court] has considered all the factors for a fair sentence set forth in the Guidelines". *Id.* at 519; *see also* **Rita**, 127 S. Ct. at 2468 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation".). Indeed, within-Guidelines sentences are afforded a rebuttable presumption of reasonableness. **United States v. Alonzo**, 435 F.3d 551, 554 (5th Cir. 2006). Given the deference due within-Guidelines sentences under **Booker**, "it will be rare for a reviewing court" to hold a sentence within a properly calculated Guidelines range unreasonable. **Mares**, 402 F.3d at 519.

Here, the district court expressly stated it had considered several of the § 3553(a) factors, including the nature and circumstances of the offense, the seriousness of the offense, the need for adequate deterrence, and Kirkpatrick's need for correctional treatment in the form of drug rehabilitation. The court was *not* required to do more. *See* **Rita**, 127 S. Ct. at 2468-69. Further, because the court imposed a sentence within the Guidelines range, this court infers that the district court considered the necessary sentencing factors. *See* **Mares**, 402 F.3d at 519. Kirkpatrick has failed to show that his within-Guidelines sentence is unreasonable.

Finally, Kirkpatrick contends the $6,000 fine, payable upon his release from prison through 30 monthly installments of $200, is unreasonable. We again review only for plain error because he failed in district court to challenge the fine. *See United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999).

Kirkpatrick's contention fails. Courts following *Booker* have a duty to consider the applicable Guidelines sentencing range. *Mares*, 402 F.3d at 519. Here, the fine range under the Guidelines was between $10,000 and $1,000,000. To avoid or lessen the fine, the Guidelines require a defendant to establish he is unable, and unlikely to become, able to pay a fine. U.S.S.G. § 5E1.2(a) and (e). While Kirkpatrick was represented by appointed counsel in the court below, this fact alone is not dispositive of whether he is capable of paying the fine in the future. U.S.S.G. § 5E1.2 cmt. n.3.

The Presentence Investigation Report shows Kirkpatrick owns a truck that he purchased for $5,500 in 2004. Further, his counsel stated at the sentencing hearing that Kirkpatrick has a substantial prospect of becoming gainfully employed upon his release. As stated above, the district court sufficiently considered the § 3553(a) factors. Under these circumstances, we cannot say the $6,000 fine constituted plain error.

*AFFIRMED*