# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2013

Lyle W. Cayce
Clerk

No. 12-20440

JOHN HALL and BRENDA HALL, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants

v.

VARIABLE ANNUITY LIFE INSURANCE COMPANY; VARIABLE ANNUITY MARKETING COMPANY; VARIABLE ANNUITY LIFE INSURANCE COMPANY SEPARATE ACCOUNT A; VALIC FINANCIAL ADVISORS INCORPORATED; JOHN A. GRAF; ROBERT A. DEVLIN; KENT E. BARRETT; BRUCE R. ABRAMS; M. KATHLEEN ADAMSON; MARY L. CAVANAUGH; CARL J. SANTILLO; ROBERT P. CONDON; REBECCA G. CAMPBELL; UNKNOWN PARTIES, named as Does 1 - 100 inclusive,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiffs-Appellants John and Brenda Hall ("the Halls") were members of a certified class of securities fraud plaintiffs whose certification order was vacated in 2004. When the Halls attempted to re-file their class action in 2009, the district court dismissed it as barred by the statute of repose. Because the

No. 12-20440

statute of repose ceased to be tolled when the class certification order was vacated, we AFFIRM.

I.

The facts relevant to the instant case begin with an identical lawsuit brought against the Variable Annuity Life Insurance Company ("VALIC") by another set of plaintiffs. In April 2001, James Drnek and Maureen Tiernan filed a class action complaint ("the *Drnek* action") against VALIC alleging that VALIC had committed securities fraud by misrepresenting the prospective tax benefits of its annuities. In January 2004, the *Drnek* court certified a nationwide class of purchasers of VALIC deferred annuities. The plaintiffs in the instant case, the Halls, had purchased a VALIC deferred variable annuity in 2000 and were members of the *Drnek* class.

Following class certification, class counsel allowed the district court's expert and fact witness disclosure deadline to expire without identifying any expert witnesses or producing any expert reports. When class counsel finally filed an expert and fact witness list nearly six months after the disclosure deadline, VALIC immediately moved to strike the plaintiffs' witness list and exclude the witnesses' testimony. The district court agreed that class counsel's lapse was inexcusable and granted the motion on August 17, 2004. Without any expert or witness testimony, the court reasoned, the *Drnek* plaintiffs would not be able to prove a class-wide measure of damages, so the district court vacated its prior order granting class certification.[1] The *Drnek* class representatives appealed the district court's decision to exclude their witnesses, which the Ninth Circuit affirmed.[2]

---

[1] *See Drnek* District Court's August 17, 2004 Order granting summary judgment in part and vacating order granting class certification.

[2] *Drnek v. Variable Annuity Life Ins. Co.*, 261 F. App'x 50 (9th Cir. 2007) (affirming district court's exclusion of class plaintiffs' proposed witnesses).

No. 12-20440

On December 21, 2009, the Halls filed the instant class action against VALIC in the Southern District of Texas reciting the same claims previously outlined in the *Drnek* action.[3] VALIC promptly moved to dismiss the Hall complaint, arguing that the five-year statute of repose applicable to securities fraud actions had expired before the Halls filed their complaint. Although the parties agreed that the filing of the *Drnek* class action "tolled," or temporarily suspended, the running of the statute of repose against putative class members, they disagreed about whether the *Drnek* court's vacatur of class certification caused the tolling to cease. Agreeing with VALIC, the district court found that the statute of repose resumed running against putative members of the *Drnek* class when the *Drnek* court vacated its certification order. Because the Halls filed their class action more than five years after the *Drnek* court vacated its certification order, the district court concluded that the Halls' claim had been extinguished. The district court then entered an order dismissing the action, and the Halls now appeal.

## II.

"We review a district court's grant of a motion to dismiss de novo." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012).

## III.

On appeal, the Halls first contend that the district court erred in its conclusion that their claim has been extinguished by the applicable statute of repose.[4] Specifically, the Halls contend that the *Drnek* court's order vacating

---

[3] To be clear, the Halls actually filed their suit in the District of Arizona, but VALIC transferred venue to the Southern District of Texas.

[4] Because the Halls have asserted securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act and Securities and Exchange Commission Rule 10b-5, the applicable limitations and repose statute is 28 U.S.C. § 1658(b): "[A] private right of action that involves a claim of fraud . . . may be brought not later than the earlier of– (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation."

class certification did not cause the tolling of the statute of repose to cease. Arguing that the statute of repose on their claim remained tolled following the vacatur of class certification, the Halls maintain that their claim never expired.[5]

Class action lawsuits, like any other lawsuit, are subject to statutes of limitation and repose that limit the time within which a suit must be brought.[6] However, the class action mechanism would not succeed in its goal of reducing repetitive and unnecessary filings if members of a putative class were required to file individual suits to prevent their claims from expiring if certification of the class is denied. As a result, the Supreme Court in *American Pipe & Construction Co. v. Utah* created a special rule to "freeze the clock" for putative class members once a class action lawsuit was filed. 414 U.S. 538, 550–52 (1974). Now called "*American Pipe* tolling," later decisions of the Supreme Court have distilled a brightline rule: The filing of a class action tolls the running of a statute of limitations for "'all asserted members of the class.'" *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983) (quoting *American Pipe*, 414 U.S. at 554).

However, this tolling does not continue indefinitely. Under *American Pipe*, the statute of limitations for the putative class members resumes running when class certification is denied or when a certified class is decertified. *See id.* at

---

[5] While § 1658(b)'s 2-year deadline is a statute of limitation, its 5-year deadline is a statute of *repose* that completely "eliminate[s] the underlying right[] when [it] lapse[s]." *See Margolies v. Deason*, 464 F.3d 547, 551 (5th Cir. 2006). As a result, there is some debate about whether § 1658(b)'s statute of repose can be extended by tolling. *Compare Joseph v. Wiles*, 223 F.3d 1155, 1167–68 (10th Cir. 2000) (finding Securities Exchange Act statute of repose subject to legal tolling in class action context), *with Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, Nos. 11-2998-cv, 11-3036-cv, 2013 WL 3214588, at *6 (2d Cir. June 27, 2013) (finding Securities Exchange Act statute of repose not subject to tolling). Because the parties have not briefed this issue, we decide the case on other grounds.

[6] "Statutes of limitations speak to matters of remedy, whereas statutes of repose eliminate the underlying rights when they lapse." *Margolies*, 464 F.3d at 551.

354.[7] Once the district court denies certification or decertifies a class, "the putative class members ha[ve] no reason to assume that their rights [a]re being protected." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520 (5th Cir. 2008). Although the denial of class certification or the decertification of the class might potentially be reversed on appeal, such a ruling nonetheless serves as notice to the once-putative class members that they are "no longer parties to the suit and . . . [a]re obliged to file individual suits or intervene." *See id.*[8] Accordingly, the unsuccessful appeal of either a decertification or a denial of certification does not extend the tolling period. *See id.* at 519.

In the instant case, the district court found that the *Drnek* court's vacatur of certification was the functional equivalent of a denial of certification. As the district court pointed out, "While the *Drnek* court used the label 'vacated,' the court also made it clear that the case would not proceed as a class action." Because the *Drnek* court's vacatur order "un-certified" the class and left no room for the action to proceed as a class, it had effectively denied certification.

The Halls assert that the district court erred by determining that a vacatur of certification is equivalent to a denial of certification. As the Halls emphasize, the requirements for certifying a class action are set forth in Federal

---

[7] Decertification under Rule 23(c)(1)(C) is ordinarily accomplished by an order modifying the original grant of certification and changing it to a denial of certification, and denials of certification cause *American Pipe* tolling to cease. *See Crown, Cork, & Seal*, 462 U.S. at 354; *see also Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1343 n.12 (11th Cir. 2003) ("[T]he statute of limitations, tolled during the class action, has begun running upon the decertification of the class."); *Culver v. City of Milwaukee*, 277 F.3d 908, 914–15 (7th Cir. 2002) (reaching same conclusion).

[8] If a denial of certification is *reversed* on appeal, the putative class members can claim the benefit of uninterrupted tolling from the original class action filing date. *See Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 330 n.3 (1980) ("Reversal of the District Court's denial of certification by the Court of Appeals may relate back to the time of the original motion for certification for the purposes of tolling the statute of limitations on the claims of the class members."); *see also Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989).

Rule of Civil Procedure 23(a–b). But in this case, the Halls argue, the *Drnek* court vacated certification not because the class failed to meet the Rule 23 requirements, but to prevent the class members from being handicapped by the witness exclusion caused by class counsel. Because the court vacated certification without finding that the class should not be certified, the Halls contend that the court never addressed certification. As a result, the Halls argue, the *Drnek* class's original motion for certification was effectively reinstated and remained pending, entitling the putative class members to *American Pipe* tolling.

While the Halls' argument does have some theoretical appeal, it is ultimately unpersuasive for several reasons. First, although the Halls are correct that the vacatur of a certification order has the effect of nullifying that order, it is not necessarily true that a vacatur completely reinstates the parties' pre-existing procedural and temporal statuses. As many of our own supervisory instructions recognize, the vacatur of a judgment and the reinstatement of a pre-existing judgment are conceptually distinct actions.[9] Moreover, the instant case illustrates the unfairness of finding that a vacatur of class certification implicitly reactivates a pending motion for certification. Here, the *Drnek* plaintiffs' years-old motion for certification would silently perpetuate tolling for putative class members, leaving VALIC indefinitely exposed to the stale claim of an uncertified class.

Second, the Halls have offered us no real reason to distinguish between a decertification order and a vacatur of certification. Although the Halls insist that the vacatur of certification is different from *de*certification because vacatur does

---

[9] *See, e.g, United States v. Ross*, 557 F.3d 237, 243 (5th Cir. 2009) (vacating district court's judgment modifying sentence and remanding with instructions to reinstate the original sentence); *United States v. Kirkpatrick*, 184 F. App'x 421, 424 (5th Cir. 2006) (finding that in reversing a district court's second judgment where its first judgment was also defective, the court should "VACATE it, not 'reinstate' it, and REMAND.").

not involve a consideration of Rule 23's requirements, the Halls ignore the fact that the basis of the *Drnek* court's vacatur was fundamentally a Rule 23 class certification issue. The record verifies that the *Drnek* court vacated its class certification order because the plaintiffs could not "prove a class-wide measure of damages," a classic issue of common question predominance under Rule 23(b)(3).[10] Though a district court normally *decertifies* a class—and re-initiates the running of the statute of limitations or repose—when it determines common questions do not predominate, the Halls ask that we give different treatment to a *vacatur of certification* on the same grounds. Because the vacatur of certification in this context is the functional equivalent of a decertification, the actions should have equivalent tolling consequences under *American Pipe*.[11]

Recognizing that a vacatur of class certification causes tolling to cease is also most consistent with our reasoning in similar cases. In *Taylor v. UPS*, we considered how long the statute of limitations remained tolled for an employment discrimination plaintiff who had been a member of a certified class of similarly situated plaintiffs. 554 F.3d at 513. Although the class's claims were dismissed on the merits in 2000, the dismissal was not affirmed on appeal until 2004. *Id*. After delving into *American Pipe*, its Supreme Court progeny, and finally its Fifth Circuit progeny, we found that "it is clear from the[] cases that if the district court denies class certification under Rule 23, tolling of the statute of limitations ends." *Id*. at 519. We reasoned,

---

[10] *See, e.g.*, *In re Wilborn*, 609 F.3d 748, 755 (5th Cir. 2010).

[11] The Halls have also asserted that the *Drnek* court's action in vacating certification involved a consideration of a merits issue (weighing of evidence relevant to damages) and was therefore a dismissal on the merits. If this were the case, *American Pipe* tolling would have continued until the dismissal was affirmed on appeal. *See Taylor*, 554 F.3d at 519–20. However, the Supreme Court squarely foreclosed this argument in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551–52 (2011), where the Court reiterated that the district court's "rigorous analysis" under Rule 23 inevitably "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."

In those cases, the district court's refusal to certify the class was tantamount to a declaration that only the named plaintiffs were parties to the suit. Thus, those cases logically concluded that after the district court's denial of certification, the putative class members had no reason to assume that their rights were being protected. Stated differently, they were notified that they were no longer parties to the suit and they should have realized that they were obliged to file individual suits or intervene in the class action.

*Id.* at 520.

When a class is certified, however . . . . , unless the district court later decertifies the class for failure to satisfy the Rule 23 factors, members of the certified class may continue to rely on the class representative to protect their interests throughout the entire prosecution of the suit, including appeal. A contrary rule would require certified class members to immediately intervene or file individual suits in the event of a merits dismissal of the class action in the district court. Such a rule would not work to prevent "needless multiplicity of actions," and would ignore the intended benefit of certification—efficient representation of a class of claimants.

*Id.* at 520–21 (quoting *Crown, Cork & Seal*, 462 U.S. at 351). Because the *Taylor* plaintiff was still a member of a certified class even after a merits dismissal, we determined that he retained the right to rely on the class representatives to protect his interest—and *American Pipe* tolling—until 2004 when the dismissal was finally affirmed. *Id.* at 521. Such a conclusion honors both Rule 23's purpose as a vehicle of efficient group representation and limitation statutes' role in providing timely notice of adverse claims and preventing harmful delay. *See id.*; *Crown, Cork & Seal*, 462 U.S. at 352.

The principles enunciated in *Taylor* weigh in favor of finding that *American Pipe* tolling ceases when a certification order is vacated. In the words of the *Taylor* court, the *Drnek* court's decision to vacate certification was "tantamount to a declaration that only the named plaintiffs were parties to the suit." 554 F.3d at 520. Through this lens, a vacatur of certification is no different

No. 12-20440

than a decertification or a denial of certification. Plaintiffs whose class certification has been vacated simply have no reason to think that the ex-class representative will continue to protect their interests. While a putative class representative might later succeed in overturning the vacatur of certification, we have consistently deemed reliance upon the possibility of reversal as irrelevant for purposes of tolling.[12]

As evidenced by the instant case, a contrary rule would allow non-class members to sit on their rights indefinitely while awaiting full appellate review of a decision that does not legally apply to them. In contrast, the resumption of a statute of repose after a vacatur of certification puts the onus of filing individual claims only on those putative class members who have officially *lost their status as a class*. Accordingly, we hold that the *Drnek* court's vacatur of certification caused *American Pipe* tolling to cease and the statute of repose to resume running. Because the Halls brought this action after the statute of repose expired, their claim has been extinguished.[13]

## IV.

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

[12] *See Taylor*, 554 F.3d at 519 ("[T]he denial of certification ends the tolling period without regard to any appeal from that decision.").

[13] Because the Halls' claim is extinguished, we need not decide whether putative class members can rely upon *American Pipe* tolling to toll the statute of limitations during a first class action so as to make a successive class action possible.