# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10037

STEPHANIE ODLE,

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

WAL-MART STORES, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Stephanie Odle was an original member of the class of plaintiffs in *Betty Dukes, et al. v. Wal-Mart Stores, Inc.* ("*Dukes*"),[1] "one of the most expansive class actions ever" certified in the United States.[2] After many years of litigation over class certification, the Supreme Court decertified

---

[1] Civil Action No. 01-2252 (N.D. Cal.).  Odle and Wal-Mart request that we take judicial notice of the district court record in *Dukes*.  We may do so because the "fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice." *Sepulvado v. Jindal*, 739 F.3d 716, 719 n.3 (5th Cir. 2013) (per curiam) (citing *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004); Charles A. Wright & Arthur R. Miller, 21B *Fed. Prac. & Proc.* § 5106.4 (2d ed. & Supp. 2012); Fed. R. Evid. 201(b)).

[2] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2546 (2011).

No. 13-10037

the *Dukes* class in June 2011.[3]  Odle then filed the instant putative class action in the Northern District of Texas ("the Texas district court").  That court dismissed Odle's individual claims, concluding that they had ceased to be tolled and thus were time barred.  As we hold that, under *American Pipe*[4] and its progeny, the relevant statute of limitations remained tolled when Odle filed her complaint in this case, we reverse and remand for further proceedings consistent herewith.

## I.  FACTS AND PROCEEDINGS

### A.      The *Dukes* Case—The Northern District of California

In November 1991, Odle went to work for Wal-Mart as an hourly sales associate at its Sam's Club store in Lubbock, Texas.[5]  Over the next several years, Odle was transferred to a succession of Sam's Club stores in Texas, California, and Nevada, taking on more and more responsibility within the company.  When, in October 1998, Odle was transferred back to Texas as an assistant manager, she informed her superiors that she wanted to be promoted to a management position as soon as there was an opening for such.  Not long thereafter, Wal-Mart terminated Odle's employment.

In October 1999, Odle timely filed a charge of sex discrimination against Wal-Mart with the U.S. Equal Employment Opportunity Commission ("EEOC").  The EEOC issued Odle a right-to-sue notice in May 2001.  The next month, Odle and several other named plaintiffs timely filed *Dukes* in the Northern District of California ("the California district court").[6]  The *Dukes*

---

[3] *Id.* at 2556-57.

[4] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

[5] Wal-Mart owns and operates Sam's Club stores.

[6] Betty Dukes filed the original complaint *pro se* on June 3, 2001.  She filed her first amended complaint approximately two weeks later, adding five women, including Odle, as named

2

No. 13-10037

plaintiffs alleged, *inter alia*, that Wal-Mart maintained discriminatory pay and promotion policies in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

Seeking class status for their Title VII claims, the *Dukes* plaintiffs filed a motion for certification under Rule 23(b)(2), or, in the alternative, under Rule 23(b)(3), of the Federal Rules of Civil Procedure.[7]  As the California district

---

plaintiffs. *Dukes v. Wal-Mart Stores Inc.*, 2001 U.S. Dist. LEXIS 26411, at *4 (N.D. Cal. Dec. 3, 2001).  The California district court later dismissed Odle as a named plaintiff because she did not satisfy Title VII's special venue requirements, as the case was proceeding in the Northern District of California; she nevertheless remained an absent *Dukes* class member. *See Dukes*, 2001 U.S. Dist. LEXIS 26411, at *32-33.

[7] Fed. R. Civ. P. 23(b) provides in pertinent part:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> . . .
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

3

court certified a nationwide class of female employees—encompassing approximately 1.5 million women—under Rule 23(b)(2), it did not consider or rule on the alternative Rule 23(b)(3) request.[8]  Wal-Mart appealed the class certification ruling to the Ninth Circuit.

Sitting en banc, the Ninth Circuit held that employees like Odle, who were no longer working for Wal-Mart when the *Dukes* lawsuit was filed ("former employees"),[9] lacked standing to pursue injunctive relief under Rule 23(b)(2).[10]  The court noted, however, that "this does not mean that former employees are ineligible to receive any form of relief" because "they may be eligible to receive back pay and punitive damages."[11]  The Ninth Circuit therefore remanded the case and instructed the California district court to "analyze . . . whether an additional class or classes may be appropriate under Rule 23(b)(3) with respect to the claims of former employees."[12]  The Ninth

---

(D) the likely difficulties in managing a class action.

[8] *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 188 (N.D. Cal. 2004) (certifying a class of "[a]ll women employed at any Wal-Mart domestic retail store at any time since December 26, 1998[,] who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices").

[9] "Former employees" refers to those Wal-Mart employees whose employment ended before the original *Dukes* complaint was filed, not to those whose employment ended after that complaint was filed.

[10] *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("We agree with Wal-Mart [that] those putative class members who were no longer Wal-Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief. . . . Under these circumstances, it is difficult to say that monetary relief does not predominate with respect to claims by plaintiffs who lack standing to seek injunctive or declaratory relief.") (internal citations omitted).

[11] *Id.*

[12] *Id.* at 624.

Circuit added that, on remand, the California district court could, "in its discretion, certify a separate Rule 23(b)(3) class of former employees for back pay and punitive damages."[13]  As for class members who *were* Wal-Mart employees when the lawsuit was filed, the Ninth Circuit affirmed the certification of a Rule 23(b)(2) class "with respect to claims for injunctive relief, declaratory relief, and back pay."[14]

Wal-Mart petitioned the Supreme Court for review of that aspect of the Ninth Circuit's holding.  On June 20, 2011, the Court determined that, even as narrowed to include only current employees, the Rule 23(b)(2) class did not meet the Rule 23(a) commonality requirement.[15]  Thus, *Dukes* could not go forward as a nationwide class action.

After the Supreme Court's decision issued, the *Dukes* plaintiffs promptly moved to extend tolling of the statute of limitations as to "all claims covered by the former certified class, so that the members of the former class [could] have an opportunity to learn of the Supreme Court's decision, obtain legal advice as necessary, and make an informed determination on how to best protect their legal interests."  The California district court granted the motion in part, stating that "[a]ll former class members who [had] an EEOC notice to sue" had

---

[13] *Id.* at 623-24.

[14] *Id.* at 622-24. With respect to the claims for punitive damages, the Ninth Circuit concluded "that the district court abused its discretion when it certified a Rule 23(b)(2) class including punitive damages without first undertaking a comprehensive analysis of whether the inclusion of such damages in this case causes monetary relief to predominate." *Id.* at 622. "To allow for further pertinent fact-finding," the court "remand[ed] the certification of the bifurcated punitive damages claims to the district court to consider whether certification [was] proper under Rule 23(b)(2)." *Id.*

[15] *Dukes*, 131 S. Ct. at 2556-57. The Court did not address whether the Ninth Circuit erred when it remanded the Rule 23(b)(3) issue for further consideration because that issue was not before it. *Id.* at 2247 & 2250 n.4.

until "October 28, 2011 to file suit."[16] The court "grant[ed] this limited period of additional tolling in the interest of justice and to avoid any confusion that [may have] exist[ed] among former class members regarding when the time limit for them to take action expire[d]."

## B.     The *Odle* Case—The Northern District of Texas

Complying with the California district court's tolling extension, Odle initiated the instant lawsuit ("*Odle*") as a putative class action against Wal-Mart in the Texas district court on October 28, 2011. She filed it on behalf of herself and all others similarly situated who had "been subjected to gender discrimination as a result of specific policies and practices in Wal-Mart's regions located in whole or in part in Texas."[17] Odle and the other named plaintiffs alleged that Wal-Mart had denied them equal opportunities for promotion to management track positions, and equal pay for hourly retail store positions and for salaried management positions.

Wal-Mart moved to dismiss both Odle's individual claims and the putative class claims, asserting, *inter alia*, that they were time barred. As to Odle's individual claims specifically, Wal-Mart contended that the last possible day for her to file her lawsuit was January 18, 2011—90 days after the Ninth Circuit issued its mandate[18]—because that judgment was a "final adverse determination" for former employees within the meaning of *Taylor*.[19] Wal-Mart insisted that, because Odle did not file her complaint until October 28,

---

[16] As noted above, Odle had an EEOC right-to-sue notice.

[17] Odle filed her first amended complaint on January 19, 2012, adding six other named plaintiffs who had timely filed EEOC charges.

[18] Title VII requires a plaintiff to file a lawsuit within 90 days of receiving an EEOC right-to-sue notice. *See* 42 U.S.C. § 2000e-5(e)(1) & (f)(1).

[19] *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008).

No. 13-10037

2011, her lawsuit was not timely filed, so her claims were extinguished by the running of the statute of limitations.

The Texas district court granted that motion and dismissed Odle's individual claims, reasoning:

> In its en banc opinion, the Ninth Circuit found that putative class members who did not work for Wal-Mart when Plaintiffs filed the complaint, including Odle, lacked standing to pursue injunctive or declaratory relief. *Dukes*, 603 F.3d at 623. Once the Ninth Circuit rejected that class and issued its Mandate, it was clear that Odle and other former employees were no longer a part of that class action lawsuit. At that time, the putative class members had "no reason to assume that their rights were being protected" because there was no longer any class of former employees on which they could rely. *See Taylor*, 554 F.3d at 520. The Supreme Court's opinion clarified that the class before it did not include Odle or any other former employees. *See Dukes*, 131 S. Ct. at 2547 n.1, 2550 n.4.  The class of former employees neither moved to stay the mandate, nor appealed this issue to the Supreme Court. Thus, once the Mandate issued, it constituted a "final adverse determination" as to Odle's claims and tolling ceased. *See Taylor*, 554 F.3d at 520. At that point, Odle was required to file a new lawsuit in order to protect her claims, and her failure to do so within the statute of limitations now bars her claims.[20]

---

[20] The district court also dismissed the putative class claims as untimely.  The other named plaintiffs separately petitioned for permission to proceed with an interlocutory appeal as to those class claims, and another panel of this court denied the petition on March 19, 2013. *See* Case No. 13-90002, ECF no. 00512179890.  Consequently, we are concerned with only Odle's individual claims in *this* appeal.

No. 13-10037

Pursuant to Rule 54(b), the Texas district court entered its judgment of dismissal against Odle, and she timely filed a notice of appeal. We review that judgment *de novo*.[21]

Odle's appeal presents but one question: Did the Texas district court err in holding that her employment discrimination claims were time barred because *American Pipe* tolling had ceased when the Ninth Circuit's en banc mandate issued on October 20, 2010? We conclude that it did so err.

## II. Analysis

"Class action lawsuits, like any other lawsuit, are subject to statutes of limitation and repose that limit the time within which a suit must be brought. However, the class action mechanism would not succeed in its goal of reducing repetitious and unnecessary filings if members of a putative class were required to file individual suits to prevent their claims from expiring if certification of the class is denied."[22] Beginning with the Supreme Court's decisions in *American Pipe* and *Crown, Cork & Seal*,[23] federal courts have developed jurisprudence on tolling in class actions, seeking to balance the competing interests of class action litigation (efficiency and economy) *vis-à-vis* those of statutes of limitation (protection against stale claims).[24] The resulting

---

[21] *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 374-75 (5th Cir. 2013).

[22] *Id.* at 375.

[23] *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983).

[24] *See, e.g., Crown, Cork & Seal*, 462 U.S. at 349 ("[In *American Pipe*, t]he Court reasoned that[,] unless the filing of a class action tolled the statute of limitations, potential class members would be induced to file motions to intervene or to join in order to protect themselves against the possibility that certification would be denied. The principal purposes of the class action procedure—promotion of efficiency and economy of litigation—would thereby be frustrated. To protect the policies behind the class action procedure, the Court held that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.") (internal citations and quotation marks omitted).

rule is that "the filing of a class action tolls the running of a statute of limitations for all asserted members of the class."[25]

Tolling, however, does not continue indefinitely.[26] If the district court denies certification, or if it certifies the class but later decertifies it, tolling ceases.[27] This is because "the putative class members ha[ve] no reason to assume that their rights [a]re being protected."[28] Furthermore, "[a]lthough the denial of class certification or the decertification of the class might potentially be reversed on appeal, such a ruling nonetheless serves as notice to the once-putative class members that they are 'no longer parties to the suit and . . . [a]re obliged to file individual suits or intervene.' "[29]

Odle contends that tolling of her action continued because the Ninth Circuit's en banc opinion did not notify her that her claims could not be pursued as part of a class. To the contrary, the Ninth Circuit specifically instructed the California district court to consider on remand whether the class of *former* employees could be certified under Rule 23(b)*(3)*—relief the *Dukes* plaintiffs had requested in their first amended complaint and in their motion for class certification. Her position, Odle argues, "honors both Rule 23's purpose as a vehicle of efficient group representation and limitation statutes' role in providing timely notice of adverse claims and preventing harmful delay."[30]

---

[25] *Hall*, 727 F.3d at 375 (internal quotation marks and citation omitted).

[26] *Id.*

[27] *Id.* (citing *Crown, Cork & Seal*, 462 U.S. at 354).

[28] *Id.* at 376 (quoting *Taylor*, 554 F.3d at 520).

[29] *Id.* (quoting *Taylor*, 554 F.3d at 520).

[30] *Id.* at 378.

No. 13-10037

Wal-Mart responds that when Odle "was ejected from [the *Dukes*] class by the Ninth Circuit's mandate on October 20, 2010," as of that date "she was no longer a member of any certified or pending class action." Pointing to *Calderon II*[31] and *Hall*, Wal-Mart asserts that this court has "clarified that [tolling] ends when a court rules that an individual is no longer a member of a certified class 'without regard to any appeal from that decision' and without regard to reconsideration of that decision on remand." Wal-Mart concludes that, because the Ninth Circuit "eliminated" Odle and all other former employees from the *Dukes* certified class, she was put on notice that she had to file an individual lawsuit within 90 days, and she failed to do so.

We agree with Odle that tolling continued, as the facts of *Calderon II* and *Hall* are distinguishable on significant procedural grounds. *Calderon II* was our second go-around with the same putative class action. In *Calderon I*,[32] the district court denied class certification. On appeal the first time, we affirmed the district court's refusal to certify the class, but we remanded the case on other grounds. We further noted that the district court nevertheless could, despite our affirmance, reconsider the class certification issue on remand.[33] In the meantime—after the district court denied certification but before the *Calderon I* appeal was decided—the two-year statute of limitations expired.[34] On remand, the district court certified the class.

---

[31] *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384 (5th Cir. 1989) (per curiam) ("*Calderon II*").

[32] *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985) ("*Calderon I*").

[33] *Id.* at 1350-51 ("[W]e in no way restrict the court's discretion to change that decision [to deny class certification] on remand. It is well-settled that decisions on class certification are always interlocutory.").

[34] *Calderon II*, 863 F.2d at 390.

10

We next determined, in *Calderon II*, that tolling had ceased when the district court denied class certification at the outset of the litigation. We held that, because the *Calderon* putative class members had failed to protect their rights by either intervening or by filing individual lawsuits after the district court's initial denial of certification and before the two-year statute of limitations had run, the district court's subsequent, post-remand certification order could not resurrect the time-barred claims.[35]

Wal-Mart urges that *Calderon II* is controlling because it "holds that decertification constitutes a final adverse determination notwithstanding the possibility of reconsideration on remand." Although that is a true statement of the law in general, Wal-Mart refuses to recognize that *Calderon II* is distinguishable from *Dukes*: The *Calderon* district court initially *denied* certification, whereas the California district court in *Dukes* certified the class at the *outset* of litigation. On appeal, the Ninth Circuit in *Dukes* upheld the California district court's Rule 23(b)(2) determination as to current employees; *and*, despite ruling that *former* employees could not participate in the Rule 23(b)(2) class, it instructed the California district court to consider the potential for class certification of those employees under Rule 23(b)(3)—an issue that the district court had not previously considered, but which the plaintiffs had alleged in their first amended complaint and pursued in their motion for certification. The Ninth Circuit's decision thus did not invite the California district court to *re*consider a denial of class certification; rather, it directed the lower court to consider certifying—*for the first time*—the carved-out class of former employees under a different subsection, *viz.*, Rule 23(b)(3). The fact that the California district court did not consider, much less deny,

---

[35] *Id.* at 390.

certification of the class of former employees under Rule 23(b)(3) is a crucial distinction that makes *Calderon II* inapposite.

As for *Hall*, Wal-Mart maintains that it is instructive because it rejected the argument that vacatur of a certification order "effectively reinstate[s]" a motion for class certification.[36]  Wal-Mart warns that, if validated, Odle's position would allow revoked class certifications to toll the statute of limitations indefinitely.  We disagree.

*Hall* addressed whether Variable Annuity Life Insurance Company ("VALIC") had committed securities fraud by misrepresenting the purported tax benefits of specific deferred annuities.  Aggrieved annuities purchasers had first sued VALIC in the District of Arizona ("*Drnek*") and the *Drnek* court certified a nationwide class of persons who had purchased the relevant annuities.[37]  The court later vacated its class certification order when plaintiffs' counsel inexcusably failed to comply with court-ordered expert witness deadlines; the Ninth Circuit affirmed.[38]

Then, in *Hall*, John and Brenda Hall ("the Halls") sued VALIC in the Southern District of Texas, seeking to vindicate the same fraud claims alleged in *Drnek*.  Because the Halls' lawsuit was filed more than five years after the *Drnek* court vacated class certification, the district court dismissed it as time barred.[39]  On appeal, the Halls insisted that the district erred when it

---

[36] *Hall*, 727 F.3d at 376.

[37] *Id.* at 374.

[38] *Id.* ("Without any expert or witness testimony, the court reasoned, the *Drnek* plaintiffs would not be able to prove a class-wide measure of damages, so the district court vacated its prior order granting class certification.").

[39] In *Hall*, the alleged securities fraud claims were subject to a five-year statute of repose.  *Id.* at 374.

determined that the *Drnek* court's vacatur of class certification was the "functional equivalent" of a denial of certification.  The Halls contended that, unlike a denial of certification *ab initio*, vacating an existing class certification "effectively reinstated" their motion for certification, thereby "entitling the putative class members to *American Pipe* tolling."[40]  We disagreed, concluding that "the *Drnek* court's decision to vacate certification was 'tantamount to a declaration that only the named plaintiffs were parties to the suit.'"[41]  We held that vacatur of certification was akin to a denial, so *American Pipe* tolling ceased because "a contrary rule would allow non-class members to sit on their rights indefinitely while awaiting full appellate review of a decision that does not legally apply to them."[42]

By contrast, the Ninth Circuit's en banc opinion in *Dukes* is not akin to a denial.  By instructing the California district court to consider Rule 23(b)(3) certification on remand, the Ninth Circuit continued proceedings on the certification issue for those *former* employees of Wal-Mart.  Thus, the appeals court's ruling in *Dukes* was not a final, adverse resolution of class certification for former employees.  Until the California district court determined on remand whether the class of former employees could and should be certified under Rule 23(b)(3), no court had expressly or impliedly ruled that the former Wal-Mart employees had "officially lost their status as a class."[43]  Consequently, the former Wal-Mart employees who had been original class members in *Dukes* are *not* similarly situated to the Halls, who had "no reason

---

[40] *Id.* at 376.

[41] *Id.* at 378 (quoting *Taylor*, 554 F.3d at 520).

[42] *Id.*

[43] *Id.* (emphasis omitted).

to think that the ex-class representative [would] continue to protect their interests" once the *Drnek* court vacated its certification order.[44]  Like *Calderon II*, then, *Hall* is also not controlling here.

### III. Conclusion

For Odle, as a member of the putative Rule 23(b)(3) class of former Wal-Mart employees, the Ninth Circuit's en banc *Dukes* opinion was not a "final adverse determination" within the meaning of *Taylor*, so tolling did not cease as to her when the mandate issued.  Because Odle filed this lawsuit before the California district court's October 28, 2011 filing deadline expired, her action was timely.   To rule otherwise would frustrate *American Pipe*'s careful balancing[45] of the competing goals of class action litigation on the one hand and statutes of limitation on the other, by requiring former class members to file duplicative, needless individual lawsuits before the court could resolve the class certification issue definitively.

For the forgoing reasons, we reverse the Texas district court's dismissal of Odle's individual claims and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

[44] *Id.*  Indeed, Odle was never a member of a *de*certified or vacated class.  Although the Ninth Circuit held that former employees could not proceed under Rule 23(b)(2), it required the California district to make a Rule 23(b)(3) determination on remand, and therefore the Ninth Circuit's judgment was interlocutory as to the former employees.  After the Ninth Circuit issued its mandate, Odle was a member of a putative Rule 23(b)(3) class with a pending request for certification.

[45] To the extent Wal-Mart suggests that a ruling in Odle's favor is inequitable because it would "disturb[] the repose Wal-Mart finally should be afforded after more than a decade of litigation," we note that Wal-Mart opposed nationwide, class-based resolution of the claims alleged in *Dukes*.  That it now must defend against timely filed individual lawsuits like Odle's does not make our logical holding unjust.