RECEIVED IN
COURT OF CRIMINAL APPEALS

February 10, 2015

ABEL ACOSTA, CLERK

PD-1537-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/9/2015 8:27:29 PM
Accepted 2/10/2015 8:51:21 AM
ABEL ACOSTA
CLERK

**Nos. PD-1537-14 & PD-1636-14**

# In the Texas Court of Criminal Appeals

BENNIE FUELBERG,
*Petitioner,*

WALTER DEMOND,
*Petitioner,*

v.

THE STATE OF TEXAS
*Respondent.*

ON PETITIONS AND CROSS-PETITION FOR
DISCRETIONARY REVIEW FROM THE
THIRD COURT OF APPEALS AT AUSTIN, TEXAS

**BRIEF BY AMICUS CURIAE
ELECTRIC CO-OP MEMBERS IN OPPOSITION
TO PETITIONS FOR DISCRETIONARY REVIEW
AND IN SUPPORT OF STATE'S CROSS-PETITION**

ERNEST J. ALTGELT
State Bar No. 0112000
ealtgelt@austin.rr.com
615 Flamingo Blvd.
Lakeway, Texas 78734
(512) 261-3681 - Telephone

*Attorney and Amicus Curiae*

**AMICUS CURIAE IS NOT ENTITLED TO ORAL ARGUMENT**

**IDENTITY OF PARTIES AND COUNSEL**

Neither Petitioners nor the Attorney General, fully identify a large number of parties, legal counsel, and law firms, which are possibly interested in the above-styled criminal cases. In ANNEX A, *infra,* we identify approximately 60 legal counsel, law firms, and parties − who are possibly interested in the above-styled cases for purposes of potential grounds for recusal. Pages A-1 to A-9 of ANNEX A, accordingly, are incorporated by reference.

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................i

Index of Authorities ..........................................................................iv

Tex. R. App. P. Rule 11 Requirements......................................................vi

Interest of Amicus Curiae ...................................................................vi

Statement Regarding Oral Argument .......................................................vi

Statement of the Case.........................................................................ix

Statement of Procedural History............................................................x

Questions Presented for Review .......................................................... xiii

Summary of Argument .......................................................................1

Argument.......................................................................................1

    I.      Petitioners fail to address activities by co-conspirators Curtis and Demond. .................................................................2

    II.    Petitioners are criminally accountable for the long-running, bill padding, payments scheme and conspiratorial activities...............2

    III.   The factual findings and conclusions at issue are reached in companion jury trials held in separate cities ........................3

    IV.   Whether the Court of Appeals erred when it concluded that Petitioner Demond's theft-by-deception conviction rested on legally insufficient evidence, misstated the State's burden, and ignored the law of parties? .........................................3

Prayer for Relief...............................................................................4

Certificate of Compliance ........................................................................5

Certificate of Service ..............................................................................6

ANNEX A − Identity of Parties and Counsel ....................................... A-1

ANNEX B − Relevant Legal Proceedings and Court Records ................B-1

# INDEX OF AUTHORITIES

**Cases** **Page(s)**

*Demond v. State,*
    ---S.W.3d---, 2014 WL 6612510 (Tex. App.—Austin, Nov. 21,
    2014) .........................................................................................................x

*Fuelberg v. State,*
    447 S.W.3d 304 (Tex. App.—Austin, 2014).......................................x

*Hall v. Pedernales Elec. Coop. Inc.,*
    278 S.W.3d 536 (Tex. App.—Austin 2009, no pet.)...................... vi

*Jackson v. Virginia,*
    443U.S.307 (1979)................................................................... vii

*Matchett v. State,*
    941 S.W.2d 922 (1996)............................................................ viii

*Olde v. Wal-Mart Stores,*
    747 F.3d 315 (5th Cir. 2014) .................................................. vii

**Statutes** **Page(s)**

TEX. CODE CRIM. PROC., Art. 1.03 ........................................................ ix

TEX. CODE CRIM. PROC., Art. 1.12 ....................................................... ix

TEX. PENAL CODE § 7.01(a) ...............................................................3

TEX. PENAL CODE § 7.02(a)(2)...........................................................3

TEX. PENAL CODE § 31.03.............................................................. vi, vii

TEX. PENAL CODE § 32.45.............................................................. vi, vii

TEX. PENAL CODE § 34.02.............................................................. vi, vii

**Rules** **Page(s)**

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.12(a)......................................1

TEX. R. APP. P. 66(a)(c) ...................................................................... vii

TEX. R. EVID. 201 ............................................................................... viii

**Other Authorities**                                                                  **Page(s)**

*A Review of the Investigative Report on the Pedernales Elec. Coop., Inc.*,
TEX. STATE AUDITOR'S OFFICE (Rept. 09-019, Feb. 2009)
http://www.sao.state.tx.us/reports/main/09-019.pdf ............................... vii, 3

*Pedernales Elec. Coop., Inc. Report of Investigation*,
Navigant Consulting, LLC (Dec. 15, 2008), available at
http://www.pec.coop/docs/default-source/navigant-
report/navigant-report-2008.pdf?sfvrsn=4. .......................................... vii, xi, 3

## TEX. R. APP. P. RULE 11 REQUIREMENTS

This Brief complies with the Briefing rules for parties. No fee was paid, or will be paid, for the preparing of this Brief. A certificate of service certifying that copies have been served on all parties is set forth at the end of this Amicus Brief.

## INTEREST OF AMICUS CURIAE

Amicus Curiae Ernest Altgelt is a member of the Texas and New York bars, the U.S. Supreme Court, and several Federal Courts. Both he and his wife, Amicus Curiae Ingrid R. Altgelt, are **Member-Owners** of the Pedernales Electric Cooperative, Inc. (PEC).[1] For the reasons and arguments made by the Attorney General in his Replies and Cross-Petition, the Court should deny the Petitions for Discretionary Review, as separately filed by "co-conspirators" Fuelberg and Demond and grant the State's Cross-Petition filed against Demond.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner **Bennie Fuelberg's white-collar crime** felony convictions are for money laundering, misapplication of fiduciary property and theft-by-deception. *See,* TEX. PENAL CODE §§ 34.02, 32.45, 31.03. As to Clark, Thomas & Winters attorney and "co-conspirator," **Walter Demond**, his white-collar crime convictions

---

[1] Amicus Curiae are granted "**intervenor"** status as to certain matters involving the "continuing and exclusive jurisdiction" of the Travis County District Courts set forth in the **court-ordered** class action settlement Agreement. *See, Hall v. Pedernales Elec. Coop. Inc.,* 278 S.W.3d 536 (Tex. App.—Austin 2009, no pet.); Cause No. D-1-GN-7-002234, in the 353rd Judicial District Court, Travis County, Texas, Order filed Sept. 14, 2009 (Livingston, J.) (The **"Plea in Intervention of Owner-Members Ingrid and Ernest Altgelt is GRANTED . . . .**"

(as affirmed by the court of appeals) are for misapplication of fiduciary property and money laundering. *See* TEX. PENAL CODE §§ 32.45, 34.02.

The court below, however, overturned Demond's verdict and conviction for theft-by-deception. *See* TEX. PENAL CODE § 31.03. In the State's Cross-Petition, the Attorney General asks for the Court to reinstate Demond's theft-by-deception jury verdict and judgment pursuant to TEX. R. APP. P. 66(a)(c).

Relevant to the above-numbered criminal Cases, the witness testimony, companion Indictments, conspiratorial activities, and circumstances, overlap and are interrelated with each other. Considerations of judicial economy, accuracy and efficiency, suggest future proceedings before the Court (including oral arguments, if any), should be assigned to the same panel members who hear or determine both Cases.

In addition, Amicus Curiae respectfully submit oral argument is not warranted. This is because the **decades-long conduct and crimes** which involve underlying fiduciary breaches, "padding or laundering" of legal bills, deep corruption, "tampering with and deleting of" computer-based evidence, are clearly established by the overwhelming Witness Testimony and Evidence herein.

The Court should further review the circumstances, corporate governance and accounting irregularities, chronicled in the **court-ordered independent**

**Navigant Investigative Report**[2] (and of other proceedings listed in ANNEX B, *infra*.). The Navigant Report and State Auditor's Report we believe also corroborates and illuminates the merits, justice and fairness, of the **white-collar crime** convictions at issue.

The Court should not be misled by the Petitioners' **fanciful and "sky-is-falling"** corporate governance arguments, which are apparently intended to seek further delays and sympathy, principally for Attorney, Walter Demond. The legal aspects of the criminal findings at issue herein − from the prospective of sound corporate governance principles, judicial disqualification or recusal considerations, and the law of parties− we submit are pedestrian and not "ground breaking" in any sense.

Moreover, the factual findings and conclusions at issue were reached in **companion <u>jury</u> trials held in <u>separate</u> Texas Cities and Counties**. They should not be reinterpreted or second-guessed by this Court. *See, Jackson v. Virginia*, 443U.S.307, 319 (1979) (Reviewing appellate courts must give full play and deference to the role of the jury as fact finders); *Matchett v. State*, 941 S.W.2d 922,

---

[2] We ask for the Court to Take Judicial Notice of the court-ordered Navigant Investigative Report and companion State Auditor's Report, as listed in ANNEX B, at p. B-2. *See Pedernales Elec. Coop., Inc. Report of Investigation*, Navigant Consulting, LLC (Dec. 15, 2008), available at http://www.pec.coop/docs/default-source/navigant-report/navigant-report-2008.pdf?sfvrsn=4; *A Review of the Investigative Report on the Pedernales Elec. Coop., Inc.*, TEX. STATE AUDITOR'S OFFICE (Rept. 09-019, Feb. 2009) http://www.sao.state.tx.us/reports/main/09-019.pdf. *See* TEX. R. EVID. 201; *Olde v. Wal-Mart Stores*, 747 F.3d 315, 323 n.1 (5th Cir. 2014) and authorities cited therein.

936 (1996) (en banc) (Jurors are the **exclusive** judges of the facts); *Cf.*, TEX. CODE CRIM. PROC., Art. 1.03 (Objects of this Code), §§ 3 & 5 ("To insure criminal trials are conducted which are "consistent with the ends of justice . . . "; and Art. 1.12 (Right to Jury) ("**The right to trial by jury shall remain inviolate**"). We believe Oral Argument is not likely to substantially assist the Court to resolve the issues now before it -- regarding the co-conspirators' conduct, or as to the controlling events and circumstances. Amicus is not entitled to oral argument.

## STATEMENT OF THE CASE

At pages 1-11 of the reply in Case No. PD-1537-14 (*Fuelberg),* and at pages 3-12 in the reply and cross-petition in Case No. PD-1636-14 (*Demond),* the Attorney General accurately describes the extent to which the State is dissatisfied with the Statements of the Case and the contentions by Fuelberg and Demond in their Petitions. Accordingly, we adopt and incorporate by reference in their entirety, the Attorney General's Replies and Cross-Petition with respect to Petitioners Fuelberg and Demond's respective Statements of the Case.

In its Replies Opposing Discretionary Review and Cross-Petition, the Attorney General also briefly discusses the portions of the Statements of Facts and Contentions of Fuelberg and Demond which should be supplemented or corrected.

At pp. 3-8 of the State's Cross-Petition in *Demond*, the Attorney General further cites the **specific portions of Witness Testimony, direct and**

**circumstantial evidence,** that establish the merits of the **theft-by-deception jury verdict and judgment** against attorney Demond.  Said pp. 3-8 are incorporated by reference herein.

Petitioners' criminal convictions, as previously noted, are based upon similar and duplicative witness testimony, factual circumstances, evidence and findings. These matters were presented and adjudicated in companion, separate jury trials held in Fredericksburg, Texas and Boerne, Texas.

Because of the forgoing, and in light of the very extensive briefing, numerous prior delays herein and in the interest judicial efficiency and justice, we ask for this Amicus Brief to be considered a Joint Brief, as to the Petitioners' Petitions and Respondent State's Cross-Petition.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals on July 16, 2014, issued its decision in *Fuelberg v. State,* 447 S.W.3d 304 (Tex. App.—Austin, 2014) (Field, J., Pemberton, J. & Jones, CJ.), *reh. denied.*   On Nov. 21, 2104, the Third Court of Appeals' decision is issued in *Demond v. State*, ---S.W.3d---, 2014 WL 661250 (Tex. App.—Austin 2014) (Field, J., Pemberton, J. & Jones, CJ.).

To understand the facts, procedural background, context and timeline regarding the **multiple felony convictions** at issue, this Court also should recognize, the circumstances relevant to the above-numbered criminal cases.

These criminal cases are either directly related to or follow from, the same: **decades-long corporate governance irregularities, "padding or laundering" of legal bills, collusion, deep corruption, "tampering with and deleting" of computer-based evidence, conspiratorial activities, cover-ups, and dishonesty, as discussed and reported in the <u>court-ordered</u> December 2008 Navigant Investigative Report and the companion February 2009 State Auditor's Report.**

We further note, the general factual background and procedural history as to the underlying "**white-collar**" crimes, companion indictments, corporate governance and accounting irregularities, self-dealing, dishonesty, fiduciary breaches and conspiratorial activities, are also summarized, at some length, in the two opinions authored by Justice Scott K. Field and issued in appellate Case No. 03-11-00553-CR (*Demond*), in his companion prior opinion in Case No. 03-11-00317-CR (*Fuelberg*) and in the Attorney General's Cross-Petition.

The Court is well-served to re-read the State's Brief [72-pages] in the Third Court Appeals in *Demond* dated Oct. 15, 2012, Brief of Amicus Curiae dated Dec. 3, 2012[3] and Supplemental Brief of Amicus Curie on Judicial Disqualification and Recusal dated June 4, 2014. These previous Amicus Curie Briefs, are

---

[3] Such Amicus Curiae Appellate Brief is received Dec. 3, 2012, by the Third Court of Appeals. This prior Amicus Curiae Brief is incorporated by reference herein. Upon further request, additional hard copies will be furnished by Amicus Curiae to the Clerk and Justices of the Court.

provided in both appellate Case Nos. 03-11-00553-CR (*Demond*), and 03-11-00317-CR (*Fuelberg*)[4].

We submit it may be particularly helpful and enlightening for the Court to read each of the above-referenced Appellate Briefs by the State and by Amicus Curiae − including the specific record citations to the testimony included therein about "co-conspirator" Demond's fiduciary and professional duties to PEC Co-op as a legal entity, as opposed to the PEC's CEO.

The grand jury indictments and conspiratorial activities relevant to the Petitioners' separate jury trials and felony convictions, and their appeals, also follow from the events as addressed in: prior civil lawsuits related to corporate governance and irregularities, the appeal of a non-opt-out class action settlement lawsuit before the Third Court of Appeals, the closely-related **court-ordered** Navigant Investigative Report[5], a companion State Auditor's Report, Employee Theft Insurance litigation, Supreme Court Board of Disciplinary Appeals decision,

---

[4]     A PDF copy of the referenced Amicus Brief dated June 4, 2014, as provided in *Fuelberg & Demond v. State of Texas*, is available at http:// www.search.txcourts.gov/Case.aspx?cn+013-11-553-CR&coa03.

[5]     The June 2009 Grand Jury Indictments of "co-conspirators" Fuelberg and Demond, occurred some six months **after** the Navigant Investigative Report was issued and four months **after** the companion State Auditor's Report is issued.  *See,* 1.CR.9-11, Appellate Case No. 03-11-00553-CR.  The Dec. 2008 Navigant Report is a major catalyst, factual basis, and cause for, Petitioners' Grand Jury Indictments.  *See Pedernales Elec. Coop., Inc. Report of Investigation*, Navigant Consulting, LLC (Dec. 15, 2008), available at http://www.pec.coop/docs/default-source/navigant-report/navigant-report-2008.pdf?sfvrsn=4.

Clark Thomas & Winters, P.C.'s bankruptcy and state and federal legislative investigative hearings. *See,* ANNEX B, *infra.*

## QUESTIONS PRESENTED FOR REVIEW

The Attorney General at pp. 1-11 of his Reply in *Fuelberg* and at pp. 3 to 12 in his Reply and Cross-Petition in *Demond*, correctly responds and disavows, the Issues as Presented for Review by Petitioners. We adopt and incorporate by reference in its entirety, the Attorney General's Replies and Cross-Petition for the State, with respect to the questions and cross-ground for discretionary review, in *Fuelberg* and *Demond.*

We submit, nevertheless, a more accurate and informative version of the applicable Questions for Review now before the Court and include the following Restated items:

1. Are the fiduciary duties which are owned by "co-conspirator" and Attorney Walter Demond to the PEC as a legal entity, trumped by business judgment?

2. Does the alleged blanket and questionable authority given by only some Directors to CEO & Gen. Mgr. Bennie Fuelberg, as asserted by Petitioners, render totally meaningless the concept of fiduciary duty?

3. Does Petitioner Demond's argument that he cannot be held criminally responsible along with his "co-conspirator" Fuelberg, because he allegedly did not know a crime was being committed, deviate from the real world of criminal prosecutions. For example, the driver of the get-a-way car in a planned bank robbery did not know the crime of murder was being committed by the other participants − yet the driver will be charged with murder notwithstanding the fact the plan was only to rob the bank and did not kill anyone?

4. Whether given the fiduciary, professional and ethical standards, which apply to the conduct of "co-conspirator" attorney Demond, as to his client, PEC as a legal entity[6] − the Court should confirm that both "co-conspirators" are **criminally accountable** for their long-running secretive invoicing, bill padding and payments scheme, and conspiratorial activities?

5. Whether the Third Court of Appeals below erred when it concluded that Petitioner Demond's theft-by-deception conviction rested on legally insufficient evidence?

---

[6] At pp. 27-31, in the Oct. 15, 2012 State's Brief in Appellate Case 03-11-00553-CR, *Demond v. State of Texas*, considerable specific record citations and legal authorities, are provided − all of also which refute the false premise of the principal defense of Demond.

**TO THE HONORABLE CRIMINAL COURT OF APPEALS:**

Amicus Curiae Electric Co-op Members, Ernest Altgelt and Ingrid R. Altgelt, file this brief in opposition to petitions for discretionary review and in support of cross-petition. Amicus Curiae respectfully show:

## SUMMARY OF ARGUMENT

We adopt and incorporate by reference in its entirety, the contentions and authorities set forth in the Attorney General's Replies Opposing Discretionary Review and Cross-Petition in *Demond.*

Further, we believe a correct reading of both Petitioners' requests are that this Court is being asked to rule, in essence, that the PEC's board, CEO Fuelberg, and defacto General Counsel Demond, owed no fiduciary obligation to safeguard PEC's assets and that the insider ransacking of the business entity, **generally called white crime**, should not be criminalized but rather regarded as acceptable business practice.

## ARGUMENT

In the interest of brevity, we fully incorporate the citations to the clerk's records, reporter's records, case authorities, set forth in the State's Cross-Petition to Demond's Petition for Discretionary Review. Also refer to TEX. DISCIPLINARY R. PROF'L CONDUCT 1.12(a) (Organization as Client and commentary). We assert each of these items serve as an effective **antidote** to the arguments of attorney

1

Demond and Fuelberg, as made in their Petitions for Discretionary Review. In addition, we further emphasize the following:

**I.      Petitioners fail to address activities by co-conspirators Curtis and Demond.**

Petitioners in their Petitions seem to ignore several facts: 1) the PEC did not need the services of Curtis, co-conspirator Bennie Fuelberg's brother, as the PEC interests at the Texas Legislature were being protected by Texas Electric Cooperatives (TEC) and others; 2) the PEC did not need or use Price, the son of a longtime Director − really $106,000 in retainer fees, for practicing in just one of the PEC's 24 counties service area; 3) Curtis did not register as a Lobbyist for the PEC in order to hide his relationship with the PEC and to keep his $872,000 in payments *sub rosa*; and 4) the whole scheme was to secretly authorize unnecessary payments to Curtis and Price, and to fraudulently hide the nature of these payments from the PEC's accounting system by including them in Clark, Thomas & Winters, PC's monthly billings − theft, misapplication of fiduciary property and money laundering.

**II.     Petitioners are <u>criminally</u> accountable for the long-running, bill padding, payments scheme and conspiratorial activities.**

Petitioners, in essence, erroneously argue that fiduciary duty is trumped by business judgment. In each Petitioners' view, Fuelberg could hire and fire anyone he wanted at any time. Such blanket authority under the circumstances renders as

2

meaningless, the concept of fiduciary duty. The concepts of reasonable and necessary are not recognized.

## III. The factual findings and conclusions at issue are reached in companion jury trials held in separate cities.

The Jurors in the cities of Fredericksburg and Boerne, properly determined that attorney Demond and General Manager & CEO Fuelberg, are **co-engineers, co-participants and co-conspirators, <u>in orchestrating</u>** the long-running invoicing and bill padding scheme to effectuate secretive monthly payments of PEC moneys to lobbyist Curtis, and to Bill Price, the son of a prominent Director. *See* Navigant Investigative Report and State Auditor's Report, *supra,* n. 2, at p vii and the discussion and references, *supra* at p. x.

## IV. Whether the Court of Appeals erred when it concluded that Petitioner Demond's theft-by-deception conviction rested on legally insufficient evidence, misstated the State's burden, and ignored the law of parties?

The Jurors in the cities of Fredericksburg and Boerne, properly determined that attorney Demond and General Manager & CEO Fuelberg, are **co-engineers, co-participants and co-conspirators, <u>in orchestrating</u>** the long-running invoicing and bill padding scheme to effectuate secretive monthly payments. *See,* TEX. PENAL CODE § 7.01(a), 7.02(a)(2).

## PRAYER FOR RELIEF

Wherefore, for the foregoing reasons, and for the reasons set forth in the State's Replies Opposing Discretionary Review and Cross-Petition, Amicus Curiae respectfully pray for this Court to first fully review the information included in ANNEX A & B.

After its review and consideration of ANNEX A & B, and of any other relevant information, the Court should identify and address, any potential grounds for recusal which may arise from the very large number of parties, business entities, law firms, insurers, and attorneys, which are possibly interested in any of the various issues and witness testimony as to the above-numbered criminal cases.

In addition, Amicus Curiae further prays for the Court to deny Petitioners' petitions for discretionary review, grant the State's cross-petition and reverse the portion of the court of appeals' judgment reversing Demond's theft-by-deception conviction, and render judgment affirming the trial court's judgment in whole.

The Court should also award such other and further relief, as will **expedite** the timely, cost efficient and fair administration of criminal justice. Any further relief granted, should be fully consistent not only with the findings and conclusions of the jurors, but also the sentences and judgments, following the conclusions of Petitioners' separate criminal trials.

Respectfully submitted,

*/s/ Ernest J. Altgelt*
**Ernest J. Altgelt**
State Bar No. 0112000
615 Flamingo Blvd.
Lakeway, Texas 78734
(512)261-3681 (Telephone)
ealtgelt@austin.rr.com

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Rule 9.4(i), if applicable, because it contains 815 words, excluding any parts exempted by Rule 9.4(i)(1).

*/s/ Ernest J. Altgelt*
Ernest J. Altgelt

**CERTIFICATE OF SERVICE**

On February 9, 2015, in compliance with Texas Rule of Appellate Procedure

9.5, I served this document by e-service, e-mail, facsimile, or mail to:

David L. Botsford
BOTSFORD & ROARK
1307 West Ave.
Austin, Texas 78701
Fax: (512) 479-8040
Email: dbotsford@aol.com
*Counsel for Petitioner Fuelberg*

James C. Ho
Kyle Hawkins
Prerak Shah
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Fax: (214) 571-2917
Email: *jho@gibsondunn.com*
*Counsel for Petitioner Demond*

Bill Davis
Dustin M. Howell
Assistant Solicitors General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Fax: (512) 370-9191
Bill.Davis@texasattorneygeneral.gov

Lisa McMinn
Office of State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046
Email: Lisa.McMinn@SPA.texas.gov

*/s/ Ernest J. Altgelt*
Ernest J. Altgelt

6

## IDENTITY OF PARTIES AND COUNSEL

To assist the Court to identify potential grounds for recusal, Amicus Curiae submit the following are interested parties or counsel:

| | | |
|---|---|---|
| 1. | Attorneys for *"co-conspirator"*[*] **Walter Demond** at this Court of Criminal Appeals and the Third Court of Appeals (including for prior Mandamus) | James C. Ho<br>Daniel L. Geyser<br>Prerak Shah<br>Kyle Hawkins<br>GIBSON, DUNN & CRUTCHER, L.L.P. |
| 2. | Attorneys for *"co-conspirator"* **Bennie Fuelberg** at this Court of Criminal Appeals and Third Court of Appeals (and prior Mandamus) | David L. Botsford<br>BOTSFORD & ROARK<br><br>Christopher (Chris) Gunter<br>Gene Anthes<br>GUNTER & BENNETT, P.C.<br><br>Charles O. Grigson<br>Austin, Texas |
| 3. | Attorneys for *"co-conspirator"* **Walter Demond** (at his criminal trial) | E.G. (Gerry) Morris<br><br>Roy Q. Minton<br>Warren L."Rip" Collins<br>MINTON, BURTON, FOSTER & COLLINS |
| 4. | Attorneys for *"co-conspirator"* **Bennie Fuelberg** at his criminal trial | Christopher (Chris) Gunter<br>Charles O. Grigson<br>David L. Botsford |

---

[*] *The term* **"co-conspirator"** *is in italics to emphasize, "co-conspirators" are all agents of each* other, *and where the acts of one are the acts of all.*

| | | |
|---|---|---|
| 5. | Attorneys for **State of Texas** at Trial and or at the Third Court of Appeals, and Court of Criminal Appeals (for prior Mandamus) | Greg Abbott, Atty. Gen., Ken Paxton, Atty. Gen., Harry White, Asst. Atty. Gen., Tom Cloudt,  Asst. Atty. Gen. Eric J. R. Nichols, Deputy Atty. Gen., Don Clemmer, Deputy Atty. Gen., Jessica Hartsell, Asst. Atty Gen. Bill Davis, Asst. Solicitor Gen., Dustin Howell, Asst. Solicitor Gen., Jonathan Mitchell, Solicitor Gen., Scott Keller, Solicitor Gen., Lisa McMinn, State Pros. Atty |
| 6. | **Special Counsel for Intervenor Amicus, PEC Co-op** (for matters as to the recusal or disqualification of Chris Gunter, "*co-conspirator*" Bennie Fuelberg's attorney) | Paul E. Coggins Kiprian (Kip) Mendrygal LOCKE, LORD, BISSELL & LIDDELL |
| 7. | Attorneys for **Defendant PEC Co-op** in the related class action lawsuit in the Travis County District Courts and or the Third Court of Appeals | David C. Duggins Joanne Summerhays Don C. Lewis L. Parker (Larry) McNeill CLARK, THOMAS & WINTERS, P.C.<br><br>Douglas W. Alexander ALEXANDER, DUBOSE & TOWNSEND |

| | | |
|---|---|---|
| 8. | Attorneys for "*co-conspirator*" **Bennie Fuelberg**, other **PEC Co-op Defendants,** in the class action lawsuit in the Travis County District Courts, or as **Appellees** in the Third Court of Appeals | David C. Duggins<br>Joanne Summerhays<br>Don C. Lewis<br>Mark Santos<br>L. Parker (Larry) McNeill<br>CLARK, THOMAS & WINTERS, P.C.<br><br>Douglas W. Alexander<br>ALEXANDER, DUBOSE & TOWNSEND<br><br>Stephen E. McConnico<br>S. Abraham Kuezaj<br>Jane M. N. Weber<br>SCOTT DOUGLASS & McCONNICO |
| 9. | Attorneys for Defendant **PEC Co-op** in the related class action lawsuit in the Travis County District Courts and or as **Appellee** at the Third Court of Appeals | David C. Duggins<br>Joanne Summerhays<br>Don C. Lewis<br>Mark Santos<br>CLARK, THOMAS & WINTERS, P.C.<br><br>Douglas W. Alexander<br>ALEXANDER, DUBOSE & TOWNSEND<br><br>Stephen E. McConnico<br>S. Abraham Kuezaj<br>Jane M. N. Weber<br>SCOTT, DOUGLASS & McCONNICO |

| | |
|---|---|
| 10. Attorneys in the **related class-action lawsuit** in the Travis County District Courts, and or as **Appellees** in the Third Court of Appeals, for **PEC Officers and Directors – Bennie Fuelberg**, Will Dahmann, W.W. "Bud" Burnett, E .B. Price, O. C. Harmon, R. B. Felps, Val Smith, VI Cloud, Libby Linebarger, Blas Trenorio, Rusty Allen, Stuart Nunnally, Duwan Ruff, Robert Reed, Barry Adair, Ola Armstrong, Kenneth Kennedy, Lamont Ramage, Barbara Schaffer. | David C. Duggins<br>Joanne Summerhays<br>Don C. Lewis<br>Mark Santos<br>C. Joseph Cain<br>L. Parker (Larry) McNeill<br>CLARK, THOMAS & WINTERS, P.C.<br><br>Douglas Alexander<br>ALEXANDER DUBOSE & TOWNSEND<br><br>Stephen E. McConnico<br>Abraham Kuzej<br>Jane M.N. Weber<br>SCOTT, DOUGLASS & MCCONNICO |
| 11. Criminal defense and/or white-collar crime Attorneys, retained for, or by, the **PEC Co-op, and or its Officers, Directors, Employees, and Insurers** -- relevant to the Attorney General's Investigations, the **court-ordered** Navigant Investigative Report, State & Federal Legislative Investigative Hearings, and the 2008 thru 2009 Blanco County Grand Jury Proceedings and Indictments. | Roy Q. Minton<br>Samuel E. Bassett<br>MINTON, BURTON, FOSTER & COLLINS<br><br>Paul E, Coggins<br>Kiprian (Kip) Mendrygal<br>LOCKE, LORD, BISSELL, & LIDDELL<br><br>Christopher (Chris) Gunter<br>GUNTER & BENNETT, P.C.<br><br>Kimberly Paffe<br><br>Van G. Hilley<br>GOLDSTEIN, GOLDSTEIN & HILLEY<br><br>Zachary P. Hudler<br>Johnson City, Texas |

| | |
|---|---|
| 12. Attorneys for named-Plaintiff **Class-Co-op owner-members, John Worrall, Lee Beck Lawrence, et al.**, in the Travis County District Courts, and or as **Appellees** in the Third Court in this Third Court of Appeals. | William Ikard<br>Anne Wynne<br>Carrie Helmcamp<br>Kimberly Selinger<br>IKARD WYNNE, L.L.P.<br><br>Paul Lawrence<br>Jan Soifer<br>LAWRENCE SOIFER SATIJA, L.L.P.<br><br>Graham K. Blair<br>BAKER & MCKENZIE, L.L.P. |
| 13. Attorneys for **PEC Co-op** and **Navigant Consulting,** relevant to the Dec. 2008 **court-ordered** Investigative Report. Such legal representation also includes Attorneys interactions with prosecutors; Texas State Auditor; and KPMG LLP, -- during related criminal investigations, Grand Jury Proceedings; and Clark, Thomas Attorney Demond's resignation, as well as in relation to the subsequent efforts by the Atty. General and Co-op, for the "recusal" of criminal defense attorney, Chris Gunter, and the Co-op's interests as to the 2011 "punishment" hearings for co-conspirators **Fuelberg** and **Demond.** | W. Roger Wilson<br>Mike Ferrill<br>Mary M. Potter<br>COX SMITH MATTHEWS, INC.<br><br>Paul E. Coggins<br>Kiprain (Kip) Mendyrgal<br>LOCKE, LORD, BISSELL & LIDDELL |

| | | |
|---|---|---|
| 14. | Attorneys for **PEC Co-op** for its negligence, professional misconduct, dishonesty, etc. claims against **Clark, Thomas & Winters** including those as to *"co-conspirators"* and Appellants, **Walter Demond** and **Bennie Fuelberg,** and as to the corporate governance irregularities and misconduct set forth in the independent and **court-ordered** Navigant Investigative Report. | Jimmy Williamson WILLIAMSON & RUSNAK<br><br>Luis Garcia PEC General Counsel |
| 15. | Attorneys for **Clark Thomas, & Winters** its past and present partners and employees, relevant to the above **Item #14;** and as to the related June 2009 **$4.1 Million** Settlement with the Co-op. The PEC's contingency fee attorney receives 1/3 of this Settlement. | Martha S. Dickie Boone Almanza AKIN & ALMANZA<br><br>L. Parker (Larry) McNeill |
| 16. | Attorneys for **Clark, Thomas & Winters,** in the "Debtor-in-Possession" Chapter 11 Bankruptcy. This Chap. 11 Bankruptcy Filing, occurs after the class action lawsuits, and the Testimony by Clark, Thomas & Winters lawyers and witnesses, at the criminal trials of co-conspirators/Appellants, **Bennie Fuelberg** and **Walter Demond.** | L. Parker (Larry) McNeill CLARK, THOMAS & WINTERS, P.C.<br><br>Joseph D. Martinec MARTINEC, WINN, VICKERS & MCELROY, P.C. |

| | |
|---|---|
| 17. Attorneys for **The Bandas Law Firm** and Texas lawyer **Christopher Bandas.** Bandas and his law firm, represent un-named **class member,** PEC owner-member, and Appellant/**Attorney James Max Moudy**. Bandas in his lawsuit, alleges an Agreement, for himself to be paid a portion of the **$4 Million** attorneys' fees awarded to the named class Plfs. in the non-opt-out class action lawsuit. | Roy Q. Minton<br>John L. Foster<br>MINTON BURTON, FOSTER & COLLINS<br><br>Jeffrey Meyer<br>Cynthia Mouton<br>MOUTON & MAYER<br><br>Christopher Bandas<br>James Max Moudy<br>BANDAS LAW FIRM |
| 18. Attorney **for Defs. William Ikard, Ikard Wynn LLP, Graham Keith Blair, and Baker & Mckenzie** LLP as to the lawsuit and Counter Claim related to prior **Item # 17**. | William Ikard<br>Anne Wynne<br>Kimberly Selinger<br>Cartrie Helcamp<br>IKARD WYNNE, L.L.P.<br><br>Graham Keith Blair<br>BAKER & MCKENZIE, L.L.P. |
| 19. Attorneys for PEC General Counsel **Clark, Thomas & Winters,** and its witnesses / lawyers, **David C. Duggins,** *et al*. **--** at Defendant Bennie Fuelberg's criminal trial and punishment hearing. | Martha S. Dickie<br>Boone Almanza<br>AKIN & ALMANZA |
| 20. Attorney for **L. Parker (Larry) McNeill** -- Clark, Thomas & Winters, President --regarding Defendant / co-conspirator Bennie Fuelberg's criminal trial and his punishment hearing. | Randy T. Leavitt |

21. Attorneys for Defendant **PEC Co-op** as to Plaintiff /criminal defense Attorney Chris Gunter's claims and lawsuit, for his recovery of certain 2008 legal fees, expenses, and costs.

Craig Enoch
Melissa Lorber
ENOCH KEVER, PLLC

22. Attorneys for Plf. **R. B. Felps, former PEC Board Member and Board President,** for his lawsuit for an Injunction and Declaratory Judgment against the Co-op, for Felps' future Medicare Supplement Insurance of approx. $585.00 per month, for himself and his wife.

S. Abraham Kuczaj
Stephen E. McConnico
SCOTT, DOUGLASS & MCCONNICO

23. Attorneys for Defendant **PEC Co-op** in **R. B. Felps**' lawsuit for an Injunction and a Declaratory Judgment, against the Co-op. Refer to prior **Item #22**.

Howard P. Newton
COX SMITH MATTHEWS, INC.

24. Attorneys for Plaintiff  **PEC Co-op** in its Bennie Fuelberg "Employee Theft" Insurance policy lawsuit against Hartford Insurance Co.

Craig Enoch
Melissa Lorber
ENOCH KEVER, PLLC

25. Attorneys for Defendan**t Hartford Ins. Company** in the PEC Co-op's Bennie Fuelberg "Employee Theft" insurance policy recovery lawsuit. Also refer to **Items #24, 14 & 15**.

Mike F. Pipkin
Jared Scott
SEDGWICK, L.L.P.

26. **Attorney & Witness for** "*co-conspirator*" **CTW Atty. & Def., Walter Demond** -- at his jury trial. In addition, this legal representation relates to the Disciplinary Proceedings of the State Bar against Walter Demond for his felony criminal convictions, and or for his alleged Professional Misconduct and Ethics violations.

James McCormack

27. Attorneys for the **State Bar of Texas, Office of the Chief Disciplinary Counsel,** Commission for Lawyer Discipline, State Board of Disciplinary Appeals, and Grievance Oversight Committee – as to professional disciplinary proceedings and grievances relevant to "*co-conspirator*" Demond.  Refer to prior **Item #26**.

Linda Acevedo
Maureen Ray
Judith Gres Deberry
Chad Childers
Michelle Hunter
Don Jones

**CRIMES AND CORPORATE GOVERNANCE IRREGULARITIES
WITH REFERENCE TO THE PEC ELECTRIC CO-OP**

**Relevant Related Legal Proceedings and Court Records**

1.  **Appellate Case No. 03-11-00317-CR**, styled *Bennie Fuelberg v. State of Texas,* filed in the Third Court of Appeals, Austin. *[This is an Appeal of the criminal jury trial and convictions as to Defendant Bennie Fuelberg, former Pedernales Electric Co-op General Manager and CEO and "co-conspirator" of Walter Demond,* **Clark Thomas & Winters** *attorney]. See, Fuelberg v. State, 477 S.W.3d 304 [Tex. App.—Austin, 2014] (Field, J., Pemberton, J. and Jones, C.J.)*

2.  **Appellate Case No. 03-11-00553-CR,** styled *Walter Demond v. State of Texas,* filed in the Third Court of Appeals, Austin. *[This is an Appeal of a criminal jury trial and convictions as to Defendant Walter Demond,* **Clark Thomas & Winters** *and Pedernales Electric Co-op Attorney, and "co-conspirator"]. See, Demond v. State, ---S.W.3d---, 2014 WL 661250 [Tex. App.—Austin, 2014] (Field, Jr., Pemberton, J. and Jones, C.J.)*

3.  **Case No. 11-12059-cag**, styled *In re Clark, Thomas & Winters, P.C.*, filed in the U. S. Bankruptcy Court for the Western District of Texas, Austin Division. *[This proceeding is filed as a Chapter 11 reorganization. Wells Fargo Equipment Finance, Inc. and other creditors, however, thereafter apply for this bankruptcy to be converted to a Chapter 7 liquidation, and or for the appointment of a disinterested Trustee]*

4. **Appellate Case No. 03-08-00373-CV**, styled *David Allen Hall v.* ***Pedernales Elec. Coop.***, *John Worrall, Individually and as representative of others similarly situated . . .* ***Bennie R. Fuelberg*** *. . . W. W. "Bud" Burnett, E. B. Price . . .* ***R .B. Felps***, *et. al.,* filed in the Third Court of Appeals, Austin. *[This proceeding relates to an underlying Class Action lawsuit against the PEC Electric Co-op, its General Manager Bennie Fuelberg, its Directors, and certain of its Officers, for claims of negligence, gross negligence, breach of fiduciary duties, based upon various allegations of decades-long mismanagement, self-dealing, civil conspiracy, corporate governance irregularities, and dishonesty. The Third Court of Appeals' decision in the non-opt-out "Settlement" Class Action Settlement lawsuit, is published at 278 S.W.3d 536 (Henson. J., Waldrop, J., and Patterson, J.)]*

5. **Dec. 2008,** 390-page **court-ordered** Navigant Investigative Report as to the Pedernales Electric Co-op, as directed by the Trial Court, under the Settlement Agreement, and subsequently approved by the Third Court of Appeals in the above-referenced Appellate Case No. 03-08-00373-CV proceedings. *[This independent and **court-ordered** Navigant Investigative Report, sets forth detailed findings relevant to the corporate governance irregularities, padding of legal bills, breaches of fiduciary duties and dishonesty, occurring at times **Clark, Thomas & Winters** attorneys serve as the General Counsel or De Facto General Counsel, for the co-op. Both Appellants Fuelberg and Demond are indicted 7 months after the Navigant Report is used. This Report is available at http://www.pec.coop/docs/default-source/navigant-report/navigant-report-2008.pdf?sfvrsn=4*

6. **Feb. 2009**, Independent Review by the Texas State Auditor of the Investigative Navigant Report on the PEC (SAO Report No. 09-019). *[This Report is addressed to the Legislative Audit Committee, and confirms the numerous corporate governance irregularities, breaches of fiduciary duties, specific acts, and other findings, as detailed in the **court-ordered** Navigant Report. This official and independent Report by the Texas State Auditor, is available at: http://www.sao.state.tx.us/reports/main/09-019.pdf*

7.	**Cause No. CV-06636,** styled *Cattleman's Nat'l Bank v. Texland Elec. Coop., Pedernales Elec. Coop., Bluebonnet Elec. Coop., and Lower Colorado River Auth.,* filed in the 424th Judicial District Court, Blanco County Texas. *[This lawsuit addresses the **"off the books and non-interest bearing account"** of the Texland Electric Co-op -- a PEC subsidiary. Refer to the findings at pp. 152-168 in the Navigant Investigative Report (Above Item # 5). Texland Electric Co-op in its Original Answer and Counterclaim (filed Sept. 14, 2008), further asserts causes of action and counterclaims for Breach of Fiduciary Duty, Civil Conspiracy etc.; and also with regard to "unauthorized payments for unearned fees and expenses" to **Bennie Fuelberg**, W.W. "Bud" Burnett, and A.W Morrison III. Also refer to the record in Appellate Case No. 03-11-00317-CR at **22.RR.916-918** (Table of Itemized Losses and Damages Texland Electric Co-op). In the same Appellate Case, also refer to **56.RR.556-569;** and to the related, State's Exhibit 48 -- Items nos. 4 & 5, Misapplication of Fiduciary Property]*

8.	**Cause No. CV07148**, styled *Pedernales Elec. Coop. v. Illinois Nat'l Ins. Co. and Bennie R. Fuelberg,* filed in the 424th Judicial District Court, Blanco County, Texas. *[This is an Interpleader lawsuit in which "co-conspirator" Defendant Bennie Fuelberg in his Answer, among other things, seeks indemnification, and further to recover, both his past and future criminal defense costs]*

9.	**Appellate Case. No 03-10-0024-CV,** styled *In re Walter Demond* and **Appellate Case No. 03-10-0027-CV**, styled *In re Bennie Fuelberg.* Both such actions request mandamus relief, and are filed in the Third Court of Appeals at Austin. *[In these proceedings, alleged "co-conspirators" Walter Demond and Bennie Fuelberg, seek (unsuccessfully) to reverse the orders of Judge Bert Richardson denying motions to Disqualify or Recuse District Judge Dan Mills from serving as the Trial Judge in the underlying criminal cases.* A 2-page Feb. 19, 2010, Memorandum Opinion is available at: http://www.txcourts.gov/3rdcoa / Opinions]

10. **Appellate Case No. WR-73,621-01** styled *In re Bennie Fuelberg* and **Appellate Case No. WR-73,626-01** styled *In re Walter Demond.* Both such mandamus actions are filed with the Texas Court of Criminal Appeals. *[Co-conspirators Bennie Fuelberg and Walter Demond, in these mandamus actions as filed with the Court of Criminal Appeals, ask for the removal or disqualification of District Judge Dan Mills, from hearing the criminal trials. Such mandamus proceedings are initiated following the Memorandum Opinion by the Third Court of Appeals referenced in above item #9. On March 31, 2010, the Court of Criminal Appeals denies the Motions for a Writ of Mandamus in both cases, WITHOUT Order.* Available at http://www.txcourts.gov/cca / Opinions

11. **Cause No. D-1-GN-10-002277,** styled *Bandas Law Firm, P.C. and Christopher Bandas v. William Ikard, Ikard Wynn, L.L.P., Graham Kerin Blair and Baker & McKenzie,* now renamed and filed in the 419th Judicial District Court, Travis County, Texas. *[The claims herein of the Bandas Law Firm and Lawyer Bandas, relate to an alleged contingent agreement for a portion of the class action attorneys' fees awarded in the class action settlement. Such claims are first brought by The Bandas Law Firm as Case No. 2009-1910, in the 280th Judicial District Court, Harris County, Texas. Pursuant to the continuing jurisdiction and venue provisions in the court-ordered class action settlement, such lawsuit is ordered to be abated; and for the Bandas Law Firm's claims to be addressed* **in Cause No. D-1-GN-07-002234,** *in the 353rd Judicial District Court, Travis County, Texas. A limited severance from such Cause No. is thereafter ordered; and the severed case is renamed and refiled by the Travis County District Clerk, as Cause No. D-1-GN-10-002277. The style "**In re Bandas**" is also used to apply to this lawsuit. Defendants William Ikard and Ikard Wynne LLP, in 2012 file a Third Amended Answer with a Counter Claim for a Declaratory Judgment against the Bandas Plaintiffs]*

12. **Cause No. D-1-GN-10-001612,** styled *Gunter & Bennett, P.C. v. Pedernales Elec. Coop., Inc.,* filed in the 419th Judicial District Court, Travis County, Texas. *[This lawsuit was brought to collect at least $38,000 +, for attorneys' fees billed for the "criminal defense" legal services of Chris Gunter, from Jan. 15, 2008 until July 25, 2008. Following a Summary Judgment Ruling, against the Co-op, an Agreed Settlement in April 2011, is entered into which requires a $64,000 payment to the Plaintiff law firm. As allowed under that Settlement, however, the Co-op on Aug. 12, 2011, files a formal Grievance with the State Bar, against attorney Chris Gunter for his alleged violations of the Texas Disciplinary Rules of Professional Conduct]*

13. **April 2010, Independent Accountants' and Auditor's Report,** Notes to Consolidated Financial Statements, Note 8, Commitments and Contingencies, **<u>Litigation</u>** -- *Settlement of Dispute with Previous Legal Counsel (CTW). [Refer to the CPA's determinations and findings in this published Report, as to the claims, threatened litigation, liabilities, contingencies, and reservations, which are relevant to the $**4.1 Million Settlement Payment to the PEC by CTW** (and its insurers). This Independent Auditor's Report is available (and published) at:* [www.pec.coop](www.pec.coop) */ Libraries / Annual Reports / 2009. Relevant to the referenced $4.1 Million Settlement, also refer to the witness testimony, business records, and other evidence, in the official records for the Appellate cases, criminal and other proceedings, listed in this ANNEX B. The following legal proceedings and court records, appear to either directly address or otherwise concern, the claims, threatened litigation, liabilities, and reservations**, as to the $4.1 Million Settlement payment to the PEC by CTW (and its insurers). **See, Items # 1, 2, 3, 4, 5, 6, 14 & 16** ]*

14.  **Cause No. 48985,** styled *In re Walter Demond*, filed in the Board of Disciplinary Appeals, Texas Sup. Ct. (BODA) *[In this action, the Commission for Lawyer Discipline in July 2011 files a Petition for Compulsory Discipline with BODA against* **Clark, Thomas & Winters** *attorney Walter Demond, after the Judgment of Conviction by Jury is entered against Demond in Case No. CR-1016 (refer to above item #2). "Convicted felon" and "Co-conspirator" Walter Demond and Petitioner Commission for Lawyer Discipline, thereafter enter into an Agreed Order of Interlocutory Suspension of Demond's Texas law license.[1] Also pending, however, is a formal "Just Cause" determination by the Chief Disciplinary Counsel of the State Bar of Texas against Clark, Thomas & Winters attorney Walter Demond relevant to the July 2011 Request for Investigation, Complaint and Grievances made by co-op owner members. Since attorney Walter Demond does not affirmatively elect to have the subject Complaints and "Just Cause" Determinations tried in District Court, the Office of the Chief Disciplinary Counsel directs that the subject PEC owner-member Grievance Complaints "will be heard by an Evidentiary Panel of the District Grievance Committee, in accordance with Rule 2.17 of the Texas Rules of Disciplinary Procedure"]* [2]

15.  **Cause No. CV07265,** styled *R.B. Felps v. Pedernales Elec. Coop.*, filed in the 424th Judicial District Court, Blanco County, Texas. *[In this lawsuit, Plaintiff R. B. Felps -- a former Co-op Board President -- seeks to enjoin the electric Co-op's discontinuation (as of Dec. 31, 2011) of his and his wife's Medicare Supplement group insurance benefits, which totals approximately $586.00 a month. Plaintiff R.B. Felps is also a named Defendant Director, in the underlying Class Action Settlement lawsuit identified in the above item #4. In addition, R. B. Felps is a witness in the Grand Jury Proceedings and 2010 & 2011 criminal trials relevant to "co-conspirators" Walter Demond and Bennie Fuelberg, related to in above* **Items #1 & 2**]

---

[1]  The BODA Interlocutory Suspension Decision against Walter Demond is available at http://txboda.org/cases/re-walter-e-demond-0.

[2]  Refer to Jan. 4, 2012, Letters from Judith Gres DeBerry, Asst. Disciplinary Counsel, to PEC Co-op Owner-Members and Grievance Complainants, Merle Moden and Ernest Altgelt.

16. **Case No. A:11-CA-0446-SS,** styled *Pedernales Elec. Coop. v. Hartford Cas. Ins. Co.,* in the U. S. District Court, Western District of Texas Court (Austin). *[This lawsuit is first filed by the Co-op on April 29, 2011, as No. D-1-GN-11-0012486, in the 98th Judicial District Court, Travis County, Texas. Defendant Hartford Insurance thereafter removes this "Employee Theft" Insurance policy lawsuit to Federal Court. In its lawsuit, the Plaintiff Co-op seeks, among other things, to recover under a $250,000 Crime Shield Policy for "Employee Theft" by its former General Manager. On July 10, 2012, Summary Judgment is entered in favor of Hartford Insurance by U.S. District Judge Sam Sparks. In his 11-page Order, Judge Sparks expressly determines that a summary judgment is proper because "**PEC materially breached its (employee theft) policy . . . in that it prejudiced Hartford's subrogation rights <u>by releasing CTW and Bennie Fuelberg</u>.**" ref. added]. Refer to above **Item #13,** and to n. 3 below.[3]*

17. **Texas Senate Business and Commerce Committee, PEC Co-op Investigative Hearing,** Mar. 27, 2008 (investigative findings and testimony as to the decades-long documented corporate governance irregularities, fraud, abuses and criminal investigations relevant to the PEC) [avail. video/audio archives — www.senate.state.tx.us]

18. **Governance and Financial Accountability of Rural Electric Cooperatives: The Pedernales Experience,** Hearing before the House Comm. on Oversight and Government Reform 110th Cong. 2d Sess.. 1-175 (2008) (congressional findings and testimony as to the decades-long documented corporate governance irregularities, fraud, abuses and criminal investigations relevant to the PEC) available at: http://www.gpo.gov/fdsys/pkg/CHRG-110hhrg46194/html/CHRG-110hhrg46194.htm

---

[3] Relevant to the facts and records as to the above-listed 18 matters, in addition there are also related Professional Conduct Disciplinary Proceedings, with the Texas State Board of Public Accountancy and State Bar of Texas. Such proceedings relate to the professional standards and ethics of Pedernales Electric Co-op CPA's and their Accountancy firms, former Clark Thomas & Winters, P.C.'s attorney Walter Demond, and criminal defense attorney Chris Gunter.